# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-11259

United States Court of Appeals
Fifth Circuit

**FILED**

September 10, 2018

Lyle W. Cayce
Clerk

ALISHIA N. MORRIS,

Plaintiff-Appellant

v.

LUBBOCK COUNTY DETENTION CENTER; CHIEF HOWELL, Chief of
Lubbock County Detention Center; CHIEF SCOTT, Chief of Lubbock County
Detention Center; SHAWN VANDERGRIFT, Regional Director of Texas
Department of Family & Protective Services; JACKIE LUCIO-GUERRERO,
Case Worker for Texas Department of Family & Protective Services; KRISTY
HOSEK, Owner of Business that Supervises Visits for CPS; GINA DIABOLA,
Officer at Lubbock County Detention Center; KARLA POPE,

Defendants-Appellees

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 5:17-CV-236

Before SMITH, HIGGINSON, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Alishia N. Morris, while detained in the Lubbock County Detention
Center, inmate # 111041, filed the instant 42 U.S.C. § 1983 suit. The district
court denied Morris leave to proceed in forma pauperis (IFP) on appeal and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

certified that the appeal was not taken in good faith because at the time Morris filed her notice of appeal the district court had not entered any dispositive or otherwise appealable order and she seemed to seek review of state court matters.  Now, Morris moves this court for leave to proceed IFP in this appeal thereby challenging the district court's certification that her appeal was not taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into Morris's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)."  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

In her IFP motion, Morris does not address the district court's reasons for denying her IFP motion.  By failing to discuss the district court's rationale for denying her IFP motion, Morris has abandoned the issue, and it is the same as if she had not appealed the district court's order.  *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).  Accordingly, her motion for leave to proceed IFP on appeal is denied, and her appeal is dismissed as frivolous.  *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2. Morris's motion to supplement the record is also denied.

The dismissal of this appeal as frivolous counts as a strike pursuant to 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 385-87 (5th Cir. 1996).  In addition, Morris has had multiple civil rights complaints dismissed as frivolous.  *See, e.g., Morris v. City of Lubbock*, No. 5:17-cv-00275 (N.D. Tex. Apr. 16, 2018); *Morris v. City of Lubbock Home Inspectors*, No. 5:18-cv-00008 (N.D. Tex. Apr. 24, 2018).  Accordingly, as we also advised Morris in *Morris v. Texas Boys Ranch*, No. 18-10120, and *Morris v. L.C.D.C.*, No. 18-10089, she is now barred under § 1915(g) from proceeding IFP in any civil action or appeal

No. 17-11259

filed while she is incarcerated or detained in any facility unless she is under imminent danger of serious physical injury. *See* § 1915(g).

APPEAL DISMISSED; MOTIONS DENIED; § 1915(g) BAR IMPOSED.